UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA        :

v.                              :   CR. NO. 05-417-01 (ESH)

LAWRENCE MAYNARD                :

DEFENDANT'S MOTION TO VACATE THE DETENTION ORDER
AND ORDER CONDITIONS OF RELEASE

The defendant, through undersigned counsel, pursuant to the Federal Rules of Criminal Procedure, and 18 U.S.C. §3145, respectfully requests that this honorable court review the order of detention imposed by the Honorable Alan Kay, U.S. Magistrate Judge, on November 29, 2005.[1] In support of his request, the defendant states the following:

1. The defendant stands indicted in a one count indictment in which he is charged with participation in a narcotics conspiracy to distribute cocaine and crack cocaine. While no other defendants are specifically named in the indictment, it is clear that Mr. Maynard is charged in the same conspiracy that is the subject of prosecution in United States v. Antoine Jones, et al., Cr. No. 05-386 (ESH). While the indictment does not allege any substantive acts on the defendant's part, the government has proffered information regarding Mr. Maynard's alleged role in the conspiracy.

2. The government has characterized the defendant as Antoine Jones' "right hand man." It is alleged that he assisted Jones in the legitimate business of a night club known as "Levels," and functioned as a "go between" in Jones' distribution of cocaine. At the detention hearing, the

government relied on wiretapped conversations where Jones was allegedly overheard telling purported customers to get in contact with Maynard.  Additionally, the government cited an incident that occurred in April 2005 where Maynard, driving a van owned and registered to Jones, was stopped for speeding in Durham, NC.   A search of the van (believed to have been with the defendant's consent) disclosed approximately $69,000 in a second gas tank.  While the money was seized, the defendant was arrested.  In support of its detention request, the government also cited evidence that Jones, while incarcerated, was attempting to contact the defendant through various intermediaries.  The government offered no specifics concerning the reasons or motivation for such contact. It implied, however, that Jones' attempt to contact Maynard made the defendant -in some way- a danger to the community.

    3. Following the detention hearing, the court concluded that no condition or combination of conditions could reasonably assure the community's safety.  Mr. Maynard was consequently held without bond. [1]

    4. The defendant believes that suitable release conditions can be fashioned and respectfully requests that this court consider his arguments in favor of conditional release.

    5.  To begin, the defendant is a lifelong resident of the D.C. metropolitan area. He has been married for 22 years and has resided at the same address of that length of time. He and his wife jointly own the home and live there with two teenage daughters.  The defendant's wife is a secretary at the Department of Defense and works a second job as well.   The defendant, who is 44 years of age, has no criminal record and a lengthy history of employment.  He was the

---

[1] While a detention memorandum has not yet been issued, counsel wished to have the decision reviewed as quickly as possible.  It should be noted that the defendants in the related case are scheduled for a status hearing on December 19, 2005.

manager of "Levels," a northeast nightclub and registered with the Alcohol Beverage Commission as a manager. When Levels closed following the arrest of Jones, the defendant immediately obtained employment delivering janitorial supplies.

6. Unlike many of the co-defendants, a search of the defendant's home revealed no drugs, money, weapons, or any indication of hidden wealth. The defendant's wife represented that while working two jobs, even with her husband's salary, they were barely able to pay the mortgage and other bills.

7. While counsel understands that the indictment has established probable cause, and that a presumption of detention arises, he does not believe it necessary to defeat the government's evidence at a bail hearing in order to gain his client's release. The key question is whether, notwithstanding the charges, the defendant's personal history and characteristics make him a good bet on release. Is he likely to harm someone or engage in drug dealing? While the government has proffered that the defendant plays a role in Jones' drug activities, it has also conceded that Maynard had legitimate employment. Further there has been no allegations of violence or weapons possession on the defendant's part. Given his present position, there is nothing in his background that indicates that the defendant is foolish or inclined to criminal behavior that he could not be trusted on release.

8. Counsel is requesting that release be under the most strict conditions with a house arrest enforced by electronic monitoring. It is suggested that Mr. Maynard be permitted to leave the house only for employment.[2] When the detention provisions of the Bail Act were drafted, it

---

[2] Clearly, court appearances, meetings with counsel and medical needs would be part of the plan.

may well not have been recognized that cases would pend for a substantial length of time. Given the requirements of the Speedy Trial Act, it would appear that detention was expected to be of relatively short duration. The government has already sought a Speedy Trial Act exclusion in Case No. 05-386, and clearly a waiver will be sought in this case as well.[3] Given the fact that detention in such cases may realistically amount to a year or more before a trial, counsel believes that the length of pre-trial detention is a factor that should be weighed by the court in the bail equation.

9. While the Bail Reform Act contains a statutory presumption of detention, it is inconceivable that Congress intended that all those individuals who are accused of narcotics trafficking should be detained. Nor is a defendant, to gain release, required to refute all of the government's allegations.[4] Mr. Maynard respectfully submits that the presumption of dangerousness can be rebutted by clear and convincing evidence and that release under house arrest conditions would satisfy conditions of community safety.[5]

WHEREFORE, for the foregoing reasons, the defendant respectfully requests that the court grant his motion and that he be released under the conditions suggested in this motion.

---

[3] It seems inevitable that a superseding indictment will join Maynard with the defendants in the first indictment.

[4] This is especially true when the government is permitted to proceed by proffer.

[5] There is nothing to indicate that flight has ever been urged by the government as a basis for detention or was a factor in the previous detention decision.

Respectfully submitted,

_____
Edward C. Sussman, No. 174623
Suite 900 - South Building
601 Pennsylvania Avenue N.W.
Washington, D.C.. 20004
(202) 737-7110

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a copy of the foregoing was served electronically on AUSA Rachel Lieber, Gang Prosecutions, 555 4th Street N.W., Washington, D.C. 20530, this 30th day of November, 2005.

_____
Edward C. Sussman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | :    CR. NO. 05-417-01 (ESH) |
| LAWRENCE MAYNARD | : |

<u>O R D E R</u>

The court has before it the request of the defendant that the court amend the conditions of his release to permit him to placed on conditional release. The court finds that the defendant has advanced good cause for this request. It is, therefore, this _____ day of _____, 2005.

ORDERED, that the motion be, and hereby is, granted.

_____
ELLEN SEGAL HUVELLE
UNITED STATES DISTRICT JUDGE

cc:  Edward C. Sussman, Esq.
     Suite 900 - South Building
     601 Pennsylvania Avenue N.W.
     Washington, D.C. 20004

     Rachel Lieber, Esq.
     AUSA - Narcotics Trial Section
     555 4th Street N.W.
     Washington, D.C. 20530