UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>LAWRENCE MAYNARD,<br>              Defendant. | Criminal No.  05-417 (ESH) |

**DETENTION MEMORANDUM**

    The Defendant, Lawrence Maynard, has been charged by indictment with conspiracy to distribute narcotics in violation of 21 U.S.C. § 846, narcotics crimes carrying a penalty in excess of ten years.  Specifically, the Defendant is charged with conspiracy to distribute cocaine and cocaine base.  The government requested a detention hearing which was held on November 29, 2005.  This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**Findings of Fact**

At the detention hearing, the government proceeded by oral proffer. According to the government, the Defendant was one of at least nine individuals involved in a large scale crack cocaine and powder cocaine distribution operation. The government alleges that Antoine Jones, a defendant indicted separately, was a major distributor in this drug ring, based in the District of Columbia. The government further alleges that Maynard conspired with Jones to distribute large quantities of cocaine throughout the D.C. area. Specifically, the government alleges that Maynard was Jones' right-hand man and an intermediary between Jones and Jones' distributors.

Over a period of approximately two months, from Sept. 2, 2005 to Oct. 24, 2005, law enforcement agents had a wiretap on Jones' phone. Through the wiretap, the FBI intercepted numerous calls between Jones and other individuals whom the government alleges were Jones' suppliers and distributors.

Prior to and during this time, Jones also operated a nightclub called "Levels." The Government and Defendant agree that Levels was a legitimate business. Mr. Maynard worked as the manager of Levels and was registered with the Alcohol & Beverage Commission as such. The Government conceded that the wiretapped conversations between Jones and the Defendant, which occurred on a daily basis due to the nature of Mr. Maynard's job, were legitimate. However, the government proffered that in some of the intercepted conversations between Jones and other Defendants indicted in the conspiracy, Jones told one or more of these individuals "I left that with Maynard" or "Talk to Maynard about that" and similar such statements.

The Government also alleged that since his arrest, Jones has attempted to contact Maynard from jail in a suspicious manner. According to the Government, Maynard told his girlfriend that if

she received any letters from him (Jones) without her name on them, she should give them to Maynard. The Government offered no evidence as to the contents of any of these letters, or whether any such letters in fact exist.

The government also proffered that in April of 2005, the Defendant was stopped for speeding while driving south on I-85 through Durham, N.C. The van that Defendant was driving was owned by and registered to Jones. According to the government, a search of the van revealed over $67,000 in a hidden, second gas tank. Defendant asserted that he consented to the search. The government proffered that the search was ordered after the Defendant and another passenger gave conflicting stories regarding their destination. According to the Government, a drug dog conducted a sniff of the minivan and alerted to the presence of narcotics. At that point, according to the government, the search of the van took place.

Finally, the Government proffered that it had placed a pen register on Defendant's phone. According to the Government, the pen register showed that immediately after the April 2005 traffic stop, Defendant phoned a number in McAllen, Texas frequently called by Jones. The Government believes that this number belongs to one of Jones' drug suppliers.

### Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100,

113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

A grand jury returned an indictment charging the Defendant with conspiracy to distribute narcotics, a violations of the Controlled Substances Act. When probable cause exists to believe that a Defendant has committed a violation of the Controlled Substance Act for which a maximum penalty of 10 years or more is prescribed, a rebuttable presumption arises that the Defendant constitutes a danger to the community, and that no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community.

In determining whether there are conditions of release which will reasonably assure the Defendant's future presence in court or assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the Defendant's history and characteristics, including the Defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the Defendant's release. *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention. The Defendant was allegedly an active participant in a major drug distribution conspiracy involving sales of cocaine, a particularly destructive and dangerous narcotic.

The second factor, the weight of the evidence, favors detention. A grand jury has found probable cause to believe that the Defendant participated in the drug conspiracy. Furthermore, the Court is convinced that the circumstances surrounding the April 2005 traffic stop and search of the minivan establishes sufficient evidence of Defendant's involvement in the drug conspiracy such that

the statutory presumption is not overcome.

The third factor, the history and characteristics of the Defendant, does not favor detention. Defendant is 44 years old and has no criminal record. He is married, with two teenage daughters. The Defendant is a lifelong resident of the District. He and his wife own their own home. After Jones' arrest, Levels was closed and the Defendant immediately went out and found another job with a delivery company. Nevertheless, the Court finds, based on the other factors discussed herein, that the Defendant has not overcome the presumption that he poses a danger to the community.

The fourth factor, the nature and seriousness of the danger to the community should the Defendants be released, also favors detention. The Government alleges that Maynard operated as a key point person in a large scale drug conspiracy. The possibility that a drug network could continue to function while the defendant awaits trial "is an 'especially significant' consideration in determining danger to the community." *United States v. Ramirez*, 843 F.2d 256, 257-58 (7th Cir. 1988) (*citing United States v. Portez*, 786 F.2d 758, 765 (7th Cir. 1985)). The fact that Jones has, according to the Government, attempted to contact Maynard in a surreptitious manner leads this Court to believe that Jones may be attempting to use the Defendant to continue his narcotics operation.

## **Conclusion**

This particular case presents a close call. However, based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes that the evidence clearly and convincingly establishes that the Defendants' pretrial release would constitute an unreasonable risk of danger to the community. The presumption in favor of detention established by the statute has not been overcome by the Defendant in this case. Moreover, upon consideration of the release conditions set out in 18 U.S.C. § 3142(c), this Court concludes that no condition or combination of

- 6 -

conditions can be imposed to reasonably assure the safety of the community. Therefore, the government's motion for pretrial detention is granted.

Dated: November _30th_, 2005                    _____/s/_____
                                                ALAN KAY
                                                UNITED STATES MAGISTRATE JUDGE