UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 05-417 (ESH) |
| | : | |
| v. | : | |
| | : | |
| LAWRENCE MAYNARD, | : | |
|     Defendant. | : | |

GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTIONS
FOR MODIFICATION OF CONDITIONS OF RELEASE

    The United States, by its counsel, the United States Attorney for the District of Columbia, respectfully opposes the defendants' motions to modify their conditions of release. The government relies upon the following arguments, points and authorities, and on any others which may be made at a hearing on this matter.

    1.    The defendants stand before this Honorable Court, charged in companion indictments, charging each of them with Conspiracy to Distribute and to Possess with the Intent to Distribute 5 Kilograms or More of Cocaine, and 50 Grams or More of Cocaine Base. Because the facts which underly these companion indictments are identical, and thus the factors in favor of detention are in many ways the same, the government will respond to the bond review motions of these three defendants together.

    2.    When the cases of defendants Johnson and Jones were presented to Magistrate Judge Deborah Robinson on October 27 and 28, 2005, she held them without bond pursuant to 21 U.S.C. § 3142(e), finding that no combination of conditions of release would reasonably assure the safety of the community. Similarly, on November 29, 2005, Magistrate Judge Alan Kay held a detention hearing for defendant Maynard, and based on the facts and arguments presented by counsel, Magistrate Kay determined that no combination of conditions of release for

defendant Maynard would reasonably assure the safety of the community. These bond review motions followed.[1]

3. As an initial matter, all of these defendants have been indicted for offenses in violation of the Controlled Substances Act, which triggers a rebuttable presumption in favor of detention. Because none of the defendants, either at the detention hearings or in their pleadings, has articulate facts to overcome such a presumption, detention is the only viable placement for these defendants pre-trial.

4. Further, none of these defendants presents new facts to this Court, which had not been raised in the courts below. The prior determinations of detention by those courts are entitled to great weight.

5. Finally, to reiterate the arguments advanced by the government at the detention hearings, these defendants are charged with a dangerous drug offense. This conspiracy is charged with distributing an enormous amount of cocaine; indeed, taken from the organizations's stash house were 97 kilograms of cocaine and 3 kilograms of cocaine base, along with in excess of $800,000 in cash. This is no small drug operation, but rather a wide-ranging multi-jurisdictional drug-trafficking operation, with direct links to Mexican suppliers. Those facts standing alone justify the orders of detention - as both of the Magistrate Judges found. Further, the strength of the evidence against each of the defendants is compelling, including numerous wire interceptions clearly indicative of drug trafficking, along with confidential source information regarding their respective roles. Finally, each of the defendants was found in

---

[1] The government notes that it did not receive electronic notification of defendant Maynard's bond review motion, and thus was unable to respond in a more timely fashion. The government received a faxed copy from Chambers late in the day on Friday, December 16, 2005, and will file this Opposition in advance of the status hearing in these cases this afternoon.

possession of contraband, or large sums of money, which further evidences their links to this large-scale drug-trafficking operation: (1) Jones had in excess of $69,000, in his Jeep at the time of his arrest; (2) Maynard had in excess of $67,000, in a hidden compartment of a minivan he was driving, registered to Antoine Jones, in April, 2005; (3) a loaded, stolen handgun was recovered from the desk in the office of the nightclub Levels, of which Jones is the sole proprietor, and Maynard is the manager; and finally (4) upon Johnson's arrest, a search of his residence turned up in excess of one-half a kilogram of cocaine, along with $12,000 in cash, a digital scale, a small amount of marijuana, and numerous empty ziplock baggies.

WHEREFORE, the government respectfully requests that the Court deny the defendants' Motions for Modification of Conditions of Release.

Respectfully submitted,

Kenneth L. Wainstein
United States Attorney
D.C. Bar No. 451058

_____
Rachel Carlson Lieber
Assistant United States Attorney
D.C. Bar No. 456-491
Organized Crime and Narcotics Trafficking
555 4th Street, N.W., Room 4820
Washington, D.C.  20530
(202) 353-8055; Fax: 514-8707

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served a copy of the foregoing by facsimile upon counsels for the defendants, this 19th day of December, 2005.

_____
RACHEL CARLSON LIEBER
Assistant United States Attorney