UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CR. NO. 05-417-01 (ESH) |
| LAWRENCE MAYNARD | : | |

### DEFENDANT'S REPLY TO THE GOVERNMENT'S OPPOSITION TO HIS MOTION TO AMEND CONDITIONS OF RELEASE

The defendant, through undersigned counsel, pursuant to the Federal Rules of Criminal Procedure, and 18 U.S.C. §3145, respectfully seeks to reply to the government's opposition to his motion to establish conditions of relief. In reply, the defendant states the following:

1. In opposing the defendant's request, the government has pointed to relatively little specific information that compels the conclusion that Mr. Maynard must be detained. The government appears to rely principally on the statements and actions of Antoine Jones and points to little that was done or said by the defendant.

2. While clearly the defendant is tarnished by driving a mini-van (owned by Jones) with $67,000 hidden in a second gas tank, even the adverse inferences flowing from that event hardly compel detention. Additionally, while a gun was found in an office inside the club owned by Jones, and managed by Maynard, the government has not proffered that the desk containing the gun was used by Maynard. Certainly, the government has produced no evidence that Maynard was ever seen possessing or using a weapon. Obviously, if the gun was found alongside items associated with the defendant, we would have heard about it from the government.

3. Generally, the government supports detention by Maynard's general association with

Jones and its general theory that he aided Jones in both legitimate and illegal business ventures. Additionally, Jones' attempts to contact Maynard after his (Jones) arrest, are portrayed as clear evidence of Maynard's danger. The court is asked to make this assumption without any evidence of what Jones wanted or any indication that the defendant was prepared to comply with some illicit request.

      4. The defendant assumes that his lifelong residence and family ties to the area make flight a non-issue. He believes that the presumption of dangerous can be rebutted by his lack of criminal convictions, his age (44), a stable marriage and residence of 22 years, and a consistent work history. Clearly, the government's evidence of substantial involvement in a drug conspiracy is hardly overwhelming. A search of the defendant's home, to counsel's knowledge, revealed neither contraband, money, or other evidence mentioned by the government. His wife, a government employee works two jobs, and absolutely nothing indicates that there was any income derived from drug dealing. When the nightclub lost its liquor license, Maynard found a new job delivering plumbing supplies.

      5. The government would like the standard for release to require the defendant to prove that he is innocent. Clearly, it is only necessary to show that conditions can be fashioned that reasonably assure community safety. Given the facts, the defendant believes that house arrest with electronic monitoring provides such an assurance. He respectfully requests that the court impose such conditions.

      WHEREFORE, for the foregoing reasons, the defendant respectfully requests that the court grant his motion and that he be released under the suggested conditions.

Respectfully submitted,

_____
Edward C. Sussman, No. 174623
Suite 900 - South Building
601 Pennsylvania Avenue N.W.
Washington, D.C.. 20004
(202) 737-7110

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a copy of the foregoing was served electronically on AUSA Rachel Lieber, Gang Prosecutions, 555 4th Street N.W., Washington, D.C. 20530, this 24th day of December, 2005.

_____
Edward C. Sussman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA           :

      v.                                 :         CR. NO. 05-417-01  (ESH)

LAWRENCE MAYNARD                    :

<u>O R D E R</u>

The court has before it the request of the defendant that the court amend the conditions of his release to permit him to placed on conditional release. The court finds that the defendant has advanced good cause for this request. It is, therefore, this _____ day of _____, 2005.

ORDERED, that the motion be, and hereby is, granted.

_____
ELLEN SEGAL HUVELLE
UNITED STATES DISTRICT JUDGE

cc:    Edward C. Sussman, Esq.
       Suite 900 - South Building
       601 Pennsylvania Avenue N.W.
       Washington, D.C. 20004

       Rachel Lieber, Esq.
       AUSA - Narcotics Trial Section
       555 4th Street N.W.
       Washington, D.C. 20530