**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **v.** | ) | **Criminal No. 05-0417 (ESH)** |
| **LAWRENCE MAYNARD,** | ) | |
| **Defendant.** | ) | |

FILED
DEC 29 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**MEMORANDUM OPINION**

Defendant Lawrence Maynard has been charged in a single-count indictment with conspiracy to distribute and possession with intent to distribute large quantities of cocaine and cocaine base in violation of 21 U.S.C. § 846, which is an offense punishable by ten years to life. 21 U.S.C. § 841(b)(1)(A)(iii). Maynard was indicted for alleged participation in activities that form the basis for the multi-defendant indictment issued in *United States v. Jones, et al.*, Crim. No. 05-386 (ESH). The number of individuals indicted as part of the *Jones* conspiracy now stands at nine.

At the government's request, a detention hearing was held before Magistrate Judge Alan Kay on November 29, 2005, at which time he ordered Maynard held without bond pursuant to 21 U.S.C. § 3142(e). On November 30, 2005, the defendant filed a motion under 18 U.S.C. § 3145(b) to review the magistrate's order and to obtain release pending trial. The government did not receive notice of defendant's motion until the afternoon of Friday, December 16, 2005 and filed an opposition on the morning of December 19, 2005. A status conference was held that day at which the Court requested further briefing on the grounds for detaining the defendant

pending trial. The government filed a supplemental opposition on December 23, 2005, to which the defendant filed a reply the following day. The Court, having reviewed the defendant's motion and reply as well as the government's opposition and supplemental opposition, finds that no condition or combination of conditions will reasonably assure the safety of the community. *See id.* § 3142(e). The Court therefore affirms the magistrate's decision and orders that Mr. Maynard be detained pending trial.

**DISCUSSION**

Under the Bail Reform Act, 18 U.S.C. § 3141 *et. seq.*, a judicial officer "shall order" the detention of a defendant before trial if, after a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* § 3142(e). This determination is to be made based on a consideration of four factors: (1) the "nature and circumstances of the offense charged, including whether the offense . . . involves a narcotic drug;" (2) "the weight of evidence against the person;" (3) "the history and characteristics of the person," including such facts as the individual's character, employment, family and community ties, use of alcohol or drugs, and criminal history; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id.* § 3142(g). While the government is generally required to demonstrate the appropriateness of pretrial detention by clear and convincing evidence, id. § 3142(f)(2), this burden does not apply in all cases. Where "the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act," 21 U.S.C. § 801 *et. seq.*, it is to be presumed that

no set of conditions would be sufficient to reasonable assure the defendant's appearance and the community's safety. *Id.* This presumption is subject to rebuttal by the defendant. *Id.*

The Court finds that there is probable cause to believe Mr. Maynard was part of a conspiracy to distribute and possess with intent to distribute cocaine and cocaine base -- a violation of the Controlled Substance Act punishable by a maximum term of life imprisonment, *see id.* § 841(b)(1)(A)(iii), thus raising a rebuttable presumption that no condition or set of conditions will reasonably assure his appearance or the community's safety under 18 U.S.C. § 3142(e). The government presented substantial evidence connecting Maynard to Antoine Jones, the target of an extensive federal narcotics investigation that included wiretaps on Jones' cell phone, other phone records, physical surveillance and searches at multiple locations. The evidence against Maynard includes his arrest in April 2005 after a traffic stop in North Carolina that resulted in the discovery of $67,115.00 in a secret compartment within the vehicle. The car Maynard was driving was registered to Antoine Jones. Maynard disclaims any knowledge of the cash or secret compartment and argues that the April 2005 arrest is insufficient to justify pretrial detention. Unfortunately for Maynard, the traffic stop is not the only piece of evidence underlying the government's case. In addition, Maynard's cell phone usage, including a call immediately after the April 25 traffic stop, indicates contact with the telephone numbers of individuals in Texas believed to be Jones' narcotics suppliers. Further, wire interceptions of Jones' phone calls revealed instances where Jones told Maynard about the sale of "tickets." Police also intercepted calls in which Jones instructs members of the conspiracy to "see" Maynard or to catch up with Maynard for that "ticket" and that Maynard "knows what to do with it." Though the word "ticket" is arguably consistent with the legitimate business operations of

Jones' nightclub "Levels," which Maynard helped to manage, the government provides sufficient evidence to demonstrate that such language was in fact a code used by the conspirators to indicate quantities of cocaine. Finally, the government has also proffered evidence that Jones has engaged in multiple surreptitious attempts to contact Maynard from jail even though they no longer are engaged in any legitimate business enterprise involving Levels. While this information does not necessarily support the inference that Jones and Maynard are continuing to engage in illegal activities, the circumstances surrounding these attempts are highly suspicious.

In short, the totality of this information proffered by the government is more than sufficient to support a finding that defendant was involved in drug dealing and was a knowing participant in Jones' drug conspiracy.

In attempting to rebut the presumption raised under Section 3142(e), Maynard cites his "lifelong residence and family ties" to the Washington, D.C. area, and indicates that he immediately found new employment after the nightclub was shut down. In addition, Maynard has not previously been convicted of any crime, though he was tried and found not guilty of cocaine distribution in 1994. He further argues that the police found no drugs, money or other contraband when they searched his home, mitigating the government's argument that he poses a threat to the community. However, the existence of community ties and the lack of criminal record are not enough in this case to rebut the presumption of dangerousness in view of the remaining factors, which clearly support the need for detention in this case. First, the offense charged is an extremely serious one "involv[ing] a narcotic drug" and potential life imprisonment. *See id.* § 3142(g)(1). Second, the unrebutted evidence indicates that Maynard was communicating with members of the conspiracy who had no legitimate business to conduct at the nightclub, was intimately involved in the distribution of "tickets," and was caught with

over $67,000.00 in cash in a secret compartment during the North Carolina traffic stop while driving Jones' car. *See id.* § 3142(g)(2). Third, the proffered evidence of Maynard's role as a "high-level go between" in a large scale drug conspiracy involving Jones and his suppliers in Texas and Mexico can legitimately be viewed as evidence that his release would pose a danger to the community. *See id.* § 3142(g)(4).

Based on the foregoing, the Court finds that defendant cannot overcome the law's presumption against pretrial release, and therefore, it hereby denies defendant's Motion and affirms the detention order of Magistrate Judge Kay. In accordance with 18 U.S.C. § 3142(i), the Court directs that Mr. Maynard remain in the custody of the Attorney General for confinement in a corrections facility pending trial.

ELLEN SEGAL HUVELLE
United States District Judge

Date: December 29, 2005

cc: Magistrate Judge Alan Kay